IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH R. TOMELLERI, | |
| **Plaintiff,** | |
| v. | Civil Action: |
| GETTY IMAGES, INC., | JURY TRIAL DEMANDED |
| **Defendant.** | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff") and for his Complaint for Copyright Infringement, Violation of the Digital Millennium Copyright Act, and Injunctive Relief against Getty Images, Inc. ("Defendant"), states to the Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff's claim are brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for violation of the Digital Millennium Copyright Act.

2. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3. The Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (a) (1) because there is diversity of citizenship, and the matter exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. The Court has personal jurisdiction over the Defendant because Defendant has transacted business in Kansas; has committed a tortious act in this District, (e.g. copyright

1

infringement and removal or alteration of copyright management information); commenced its unlawful reproduction of at least one (1) of Plaintiff's works in this District; has caused injury to a Kansas resident, while engaging in solicitation or service activities in Kansas, or has caused injury to a Kansas resident through its products, which were used or consumed in Kansas. (K.S.A. § 60-308(b)).

5. The Court has personal jurisdiction over the Defendant because Defendant purposefully directed its activities toward Kansas when it appropriated Plaintiff's work from the Wichita Eagle in Kansas.

6. Further, the Court has personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with that state of Kansas, including regularly employing Kansas residents and/or businesses that acquire content for Defendant in this District; continuously distributing content to publications in this District; and deliberately using its websites to solicit image licenses and commerce to a substantial number of residents in this District on a substantial basis.

7. Venue is proper in District of Kansas, pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1400(a), or both because Defendant may be found in this District.

## PARTIES

7. Plaintiff is an adult individual and a resident of the State of Kansas.

8. Defendant is a corporation incorporated in the State of Delaware with it principal place of business in the State of Washington.

## PLAINTIFF'S WORKS

9. Plaintiff is a trained biologist and artist, who has spent most of his working life collecting, studying, and illustrating fish species within North America.

2

10. Plaintiff's illustrations have been published in several scientific studies, journals, books, magazines, and fish identification guides.

11. Plaintiff is the owner of the website, www.americanfishes.com, where his illustrations are available for purchase. Plaintiff has illustrated over one thousand (1,000) fish in his career from specimens caught in the wild.

12. Plaintiff's illustrations are registered under Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, under the following copyright registration numbers: TX0005813942; TX0005639631; TX0005639632; VA0000998415; VA0001151489; TX0005597332; VA0001229832; VA0001291994; VA0001339459; VA0001392179; VA0001645962; VA0001741737; VA0001743819; VA0001786445; VA0001799888; VA0001800740; VA001799485; VA0001779644; VA0001787183; TX0007020033; TX0006998390; VA0001783041; VA0001787182; VA0001827025; VA0001787184; VA0001779955; VA0001814563; VA0001779953; VAU001089450; VAU001066848; VAU000265291; TX0005998741; TX0007384205; TX0003082428; TX0003082429; TX0007431958; TX0004478574; VA0001673790; VA0001799775; VA0001784738; AND VA0001163619.

13. Plaintiff is the sole owner and proprietor of all right, title, and interest in, and to, the copyrights for his illustrations, including all of those identified in the preceding paragraph and all of those at issue in this action.

**DEFENDANT'S CONDUCT**

14. Defendant is an online stock photography source that "creates, distributes, and licenses award-wining, royalty-free, stock photography; creative rights-managed images; editorial images; video; music and multimedia products."

15. Defendant owns and/or operates the following websites: www.gettyimages.com; and www.istockphoto.com (the "Websites").

16. Upon information and belief, the uploaded digital images are stored on Defendant's Website and computers.

17. Upon information and belief, the uploaded digital images are also stored on servers or cloud hosting services within Defendant's custody and/or control.

18. Upon information and belief, when an online customer places an order on one of the Websites, Defendant collects the customer's money and issues a license that permits the customer to use an image downloaded from one of the Website.

19. Defendant has the exclusive right to provide and manage all material aspects of the transactions with the customer, including internet hosting, marketing, search engine optimization, production of merchandise, invoicing, billing, customer service, and refunds.

20. Upon information and belief, Defendant intentionally removes the metadata from images uploaded to its Websites, including copyright management information, thereby making it difficult for copyright owners to discover the infringing use of their images.

21. At some point prior to July 2017, Defendant acquired without authorization Plaintiff's Summer Steelhead, Brown Trout, and Green Sunfish illustrations.

22. Thereafter, Defendant copied, reproduced, displayed, and distributed the aforementioned illustrations on its www.gettyimages.com URL to the public and its customers without authorization from Tomelleri.

23. In July 2017, Plaintiff demanded Defendant cease and desist its infringing activities and provide Plaintiff with an accounting of Defendant's profits from the sales of products using Plaintiff's Summer Steelhead, Brown Trout, and Green Sunfish.

24.     At some point prior to July 2019, Defendant acquired without authorization Plaintiff's Golden Trout illustration.

25.     Thereafter, Defendant copied, reproduced, displayed, and distributed the Golden Trout illustration on its [www.istockphotos.com](www.istockphotos.com) URL to the public and its customers without authorization from Tomelleri.

26.     In July 2019, Plaintiff demanded Defendant cease and desist its infringing activities and provide Plaintiff with an accounting of Defendant's profits from the sales of products using Plaintiff's Golden Trout illustration on the iStock URL.

27.     In total, Defendant through its Websites used the Summer Steelhead, Brown Trout, Green Sunfish, and Golden Trout illustrations (the "Illustrations") without authorization.

## CAUSES OF ACTION

### Count I - Direct Infringement

28.     Plaintiff restates and re-alleges the allegations contained in the preceding paragraphs, 1 through 27, as if fully set forth herein.

29.     Defendant has infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing and displaying unauthorized copes thereof within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringements were either non-willful, or alternatively, were committed willfully.

30.     Defendant has infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, *et seq*. Such infringements were either non-willful, or alternatively, were committed willfully.

31. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained Damages including lost licensing revenue in an amount not yet ascertained, and Defendant has earned profits that should be disgorged to Plaintiff.

### Count II - Violation of the Digital Millennium Copyright Act

32. Plaintiff restates and re-alleges the allegations contained in the preceding paragraphs, 1 through 31, as if fully set forth herein.

33. Defendant has intentionally removed and altered the copyright management information from Plaintiff's images, as and when they were uploaded to Defendant's website in violation of 17 U.S.C. § 1202.

34. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's images that is false and has distributed copyright management information for Plaintiff's images that is false in violation of 17 U.S.C. § 1202.

### Count III - Injunctive Relief

35. Plaintiff restates and re-alleges the allegations contained in the preceding paragraphs, 1 through 32, as if fully set forth herein.

36. Defendant's acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill. Plaintiff has no other adequate remedy at law.

37. By reason of Defendant's acts described herein, Plaintiff is entitled to injunctive relief against Defendant restraining further acts of infringement and of violations of the Digital Millennium Copyright Act; to attorneys' fees, and to profits attributable to Defendant's acts described herein.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions against Defendant on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement.

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work found to be infringed by Defendant.

d. Under 17 U.S.C. § 505, award costs to Plaintiff;

e. Under 17 U.S.C. § 505, as the prevailing party in a Copyright lawsuit, award to Plaintiff reasonable attorney's fees.

f. Under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunctions against Defendant on such terms as it deems reasonable to prevent or restrain a further violation;

g. Under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as it deems reasonable, any device or product that is in the custody or control of Defendant that the court has reasonable cause to believe was involved in a violation;

h. Under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendant in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation by Defendant.

  i. Under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendant is found to have violated § 1201 or § 1202 within the past three years.

  j. Under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

  k. Under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

  l. Under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendant or has been impounded under paragraph 17 U.S.C. § 1203(b)(2).

  m. Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

  n. Grant to Plaintiff such further relief as may be equitable and proper.

**PLAINTIFF JOSEPH R. TOMELLERI HEREBY DEMANDS TRIAL BY JURY.**

**PLAINTIFF JOSEPH R. TOMELLERI HEREBY DESIGNATES KANSAS CITY, KANSAS AS THE PLACE OF TRIAL.**

       **EVANS & DIXON, LLC**

       s/ Steven Mustoe
       Steven H. Mustoe MO 33060 | KS 15212
       Oliver P. Maguire MO 66964 | KS 26947
       Corporate Woods | Building 82
       10851 Mastin Blvd., Suite 900
       Overland Park, Kansas 66210
       Telephone: 913-701-6810
       Facsimile: 913-341-2293
       Email: kccivillit@evans-dixon.com

       **ATTORNEYS FOR PLAINTIFF JOSEPH R. TOMELLERI**